SELIGMAN BAER, Respondent, *v.* HUDSON STREET PERMANENT SAV-
INGS AND LOAN ASSOCIATION, Appellant.

*Savings and loan corporation — application by a member to withdraw money due
him — erasure in corporate books — effect of a second application.*

Where a loan corporation, the articles of association of which provide that mem-
bers not having received a loan may, at any time on written application to the
board of directors, draw from dues paid in by him all or part thereof, the same
to be paid after all prior applications for loans and withdrawals have been
satisfied, is sued by a member on its refusal to pay over on his application the
amount of money due him, the question as to whether the application has been
made or not should be submitted to the jury; and where the plaintiff testifies
that he regularly made the application required, and it was entered on the books
of the association by an officer thereof, which testimony is corroborated, the
verdict of a jury in favor of the plaintiff will not be disturbed, although the
books of the defendant were produced and did not show an entry of the plain-
tiff's application, but did show that an entry, which appeared to have been
erased, had been made upon them on the day that the plaintiff testified that
his application was entered.

The making of a subsequent application on the suggestion of the defendant does
not estop the plaintiff from proceeding under his first application.

APPEAL by the defendant, the Hudson Street Permanent Savings
and Loan Association, from a judgment of the Monroe County Court,
entered in the office of the clerk of the county of Monroe on the
9th day of March, 1893, and from an order denying a motion for a
new trial made upon the minutes and entered in said clerk's office
on the 28th day of April, 1893, denying defendant's motion for a
new trial made on the minutes.

The articles of association of the defendant provided among other
things that members not having received a loan may, at any time,
on written application to the board of directors, draw from dues
paid in by him all or part thereof, the same to be paid after all
prior applications for loans and withdrawals have been satisfied.

*E. C. Werner,* for the appellant.

*H. J. Stull,* for the respondent.

LEWIS, J.:

The defendant is a public corporation duly organized and incor-
porated under the laws of the State of New York.

Its members . pay in at stated periods dues ; it is provided in its articles of association that any one of its members not having received a loan may at any time, on written application to the board of directors, draw from dues paid by him all or any part thereof, the same to be paid after all prior applications for loans and withdrawals have been satisfied.

The plaintiff was, on the 1st day of April, 1892, a member and shareholder of the defendant, and, as such, held shares of stock upon which there had accumulated at that time in dues and dividends the sum of $152.

There was, at the time of the commencement of the action, that sum to his credit on the books of the defendant in dues paid in by him, exclusive of the dividends paid thereon. He had, prior to the 1st of April, 1892, received two loans from the defendant, but they had been paid up and canceled and he had not received any other loan, so that he was entitled to withdraw from the association the amount of money claimed in his complaint, if he did, as claimed by him, give the proper notice to defendant on the 1st day of April, 1892.

. That was the principal and main question litigated upon the trial.

The plaintiff testified positively to making such an application on that day at the office of the defendant; he testified that his application was entered upon the books of the association pursuant to its rules and regulations, by a Mr. Hertel, one of the trustees, and that Hertel made the proper entry upon the books and signed the plaintiff's name thereto at his, plaintiff's, request. Other witnesses were called by the plaintiff who gave evidence tending to corroborate his contention.

Mr. Hertel was called as a witness for the defendant and flatly contradicted the plaintiff's testimony. Other witnesses gave testimony tending to controvert the plaintiff's contention.

The books of the defendant were produced at the trial, and upon an inspection thereof the plaintiff's application did not appear to be entered, but it did appear that an entry was made upon the books on the day that the plaintiff testified his application was entered, which entry appeared to have been erased. Whether it was the plaintiff's application that was erased was a subject of conflicting evidence.

The jury found, upon conflicting testimony, in the plaintiff's favor, and we cannot say that their verdict was not justified by the evidence.

Whether the plaintiff made the application in April being a matter of dispute between the parties, at the suggestion of the defendant he made another application in October, 1892. If the last application was made under the circumstances as related by the plaintiff it did not, we think, estop him from claiming under the previous application made in April.

As the plaintiff did not base his claim to recover upon the October application, but under that of April, and it being conceded upon the trial that if the application was in fact made in April the sum claimed was due before the commencement of the action, it was immaterial whether the amount claimed was due if the claim was in fact made in October and not in April, as contended by the defendant.

We have examined the defendant's exceptions and find nothing in them calling for a new trial.

The judgment and order appealed from should be affirmed, with costs.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment and order of the Monroe County Court appealed from affirmed, with costs.